# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| 1500 LENDER, LLC | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| vs. | ) | |
| | ) | Honorable _____ |
| MARILYN LUSTBADER and | ) | |
| HOWARD RUSKIN, | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff 1500 Lender, LLC ("1500 Lender"), by its attorneys Blank Rome LLP, for its Complaint against Defendants Marilyn Lustbader and Howard Ruskin alleges as follows:

## NATURE OF ACTION

1.      This is a breach of guaranty action, which seeks to recover $4.8 million in damages from defendants Marilyn Lustbader ("Lustbader") and Howard Ruskin ("Ruskin") (collectively "Guarantors").  Guarantors personally guaranteed a $6.6 million commercial loan to 1500 South Lakeside, LLC ("Borrower").  The loan was secured by a mortgage on a commercial office building located at 1500 South Lakeside, Bannockburn, Illinois (the "Property").

2.      By 2022, Borrower had failed to maintain adequate capital, become insolvent, and defaulted on its loan obligations to 1500 Lender's predecessor.  After acquiring the loan, 1500 Lender commenced a foreclosure proceeding.  Presumably at Guarantors' direction, Borrower fought the foreclosure for more than eight months.  On June 7, 2023, the Circuit Court of Lake County confirmed the foreclosure sale and entered a deficiency judgment in the amount of $4,778,581.18 against Borrower.  That judgment is now final and non-appealable.  This action against Guarantors for the deficiency follows.

1

## PARTIES

3.     Plaintiff 1500 Lender is an Illinois limited liability company with two members, a Delaware limited liability company and a California limited liability company.   Plaintiff's first member is a Delaware limited liability company, which has two members, an individual domiciled in California and a California limited liability company, which itself has three members.  Those members include two individuals—who are domiciled in California and Washington—and a Trust, with its two individual trustees domiciled in California and its two individual beneficiaries domiciled in California and Washington.  Plaintiff's second member, a California limited liability company, has a single, individual member domiciled in California.

4.     Defendant Marilyn Lustbader is an individual who, upon information and belief, is domiciled in Illinois.

5.     Defendant Howard Ruskin is an individual who, upon information and belief, is domiciled in Florida.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 based upon diversity of citizenship in that Plaintiff's members are citizens of California and Defendants are individuals who are domiciled in Illinois and Florida respectively.  The amount in controversy herein exceeds $75,000, exclusive of interest and costs.

7.     This Court has personal jurisdiction over Guarantors because Lustbader is domiciled in the State of Illinois, the parties consented to this Court's jurisdiction in the guaranties, and the funds secured by the Guaranties were advanced here.

8.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Guarantors are subject to personal jurisdiction in this District, Lustbader resides in this District, and the

guaranties specifically provide that any action arising out of or relating to the Guaranties "shall be commenced: (a) in any court of competent jurisdiction in Cook County, Illinois; or (b) in the District Court of the United States in the Northern District of Illinois…."

### FACTS

9.      On or about November 8, 2016, 1500 Lender's predecessor, Inland Bank and Trust, advanced Borrower $6.6 million pursuant to that certain Loan and Security Agreement (as amended, the "Loan Agreement").  A true and correct copy of the Loan Agreement is attached hereto as **Exhibit A.**  The loan was secured by a mortgage on the Property and the personal guaranties of defendants Marilyn Lustbader and Howard Ruskin (the "Guaranties" or individually the ("Lustbader Guaranty" and the "Ruskin Guaranty" ).  True and correct copies of the Lustbader Guaranty and the Ruskin Guaranty are attached as **Exhibits B and C hereto.**

10.      Pursuant to the Guaranties, Guarantors unconditionally and irrevocably guaranteed payment and performance of the Guaranteed Obligations, and unconditionally and irrevocably covenanted that Guarantors would be jointly and severally liable for the Guaranteed Obligations as the primary obligor.  *Id*. at 7.  Thus, the Guaranties are a guaranty of payment and not of collection.

11.      The Guaranties broadly define the "Guaranteed Obligations" as any loss, damage, cost, expense, liability, or other obligation incurred by [lender] arising out of or relating to, among other things:

- Borrower defaults in the observance or performance of its obligations under Section 9.1 of the Loan Agreement, including without limitation: (f) failing to remain solvent or pay Borrower's debts and liabilities as they become due, and (j) failing to maintain adequate

3

capital for the normal obligations reasonably foreseeable. (Exs. B and C at 2 (vii [*sic*, should be viii]).)

- Borrower or any guarantor makes an intentional misrepresentation in connection with the Loan or operation of the Property. (*Id.* at (ix).)

- Borrower's material breach of any representation, warranty, covenant or indemnification provision in the Loan Agreement. (*Id.* at (x).)

- Guarantors "shall not and shall not cause Borrower to, seek any relief or order from any bankruptcy or other court of any jurisdiction the effect of which is to enjoin, postpone, delay or otherwise prevent or hinder the enforcement of Bank's rights under this Guaranty." (*Id.* § 13.)

12.     By January 2022, Borrower's sole tenant had vacated the Property and stopped paying rent. Borrower did not find a replacement tenant and was insolvent and unable to pay its bills as they became due, including its obligations under the loan documents with 1500 Lender's predecessor.

13.     On or around January 18, 2022, Borrower's loan matured; and all outstanding amounts became due and owing. Borrower did not pay the outstanding amounts due and owing within three business days and, as a result, defaulted under Section 11.1 of the Loan Agreement.

14.     On or around February 7, 2022, Inland Bank and Trust assigned to 1500 Lender the above-referenced loan documents and Guaranties. On February 16, 2022, 1500 Lender sent Notices of Default and Demands for Payment to 1500 South Lakeside as borrower, and Lustbader and Ruskin respectively as Guarantors for $5,187,530.66 due and owing as of February 17, 2022. True and correct copies of 1500 Lender's Notices of Default and Demands for Payment are attached hereto as **Exhibit D.**

4

15.     Neither 1500 South Lakeside, nor Guarantors paid the amounts due and owing as demanded.  Thus, 1500 Lender initiated litigation in the Circuit Court of Lake County, Illinois to foreclose on the Property and obtain a deficiency judgment.

16.     On or around April 13, 2022, 1500 Lender filed its Complaint for Foreclosure and other Relief ("Foreclosure Complaint") in the Circuit Court of Lake County, alleging that 1500 South Lakeside was in default under the operative loan documents and seeking a judgment of foreclosure and judicial sale of the Property subject to the mortgage, as well as a deficiency judgment.

17.     Borrower's counsel, the Gould & Ratner Firm, filed an appearance in the case shortly thereafter, but did not file an answer to the Foreclosure Complaint or otherwise contest the allegations raised in it.

18.     On or around July 27, 2022, 1500 Lender filed a Motion for Summary Judgment of Foreclosure on the Foreclosure Complaint.  The Circuit Court granted that Motion on August 3, 2022 and entered a Judgment of Foreclosure and Sale on August 3, 2022. A true and correct copy of the Judgment of Foreclosure and Sale is attached hereto as **Exhibit E.**

19.     Pursuant to the Judgment of Foreclosure and Sale, and with proper notice provided by 1500 Lender, the Lake County Sheriff conducted a judicial foreclosure sale on or around September 20, 2022.  After a competitive bidding process, 1500 Lender acquired the rights to the Property with a credit bid of $1,010,000.

20.     Shortly thereafter, 1500 Lender moved for confirmation of the sale and for entry of a deficiency judgment as to the remaining amounts due and owing by Borrower under the loan documents.

999998.04309/132283985v.13

21.     Though Borrower had admitted the foreclosure complaint allegations and did not oppose the foreclosure, Borrower objected to sale confirmation.  Specifically, Borrower began touting an unsubstantiated conspiracy theory that 1500 Lender had somehow colluded with a potential buyer to depress the Property's sale price.  On the record, and in open court, Borrower made unequivocally false and misleading misrepresentations about 1500 Lender's alleged conspiracy with an entity called the "Jade Group" to sell the property to them post-confirmation.

22.     Eventually, after months of delay and needless discovery, the Circuit Court held a hearing and concluded that all of Borrower's allegations of conspiracy and collusion were bogus. The Jade Group was nothing but a speculative potential buyer, and their principal testified under oath that he had terminated discussions unilaterally and was not interested in the Property at any price, much less one greater than the foreclosure sale price.

23.     On June 7, 2023, the Circuit Court entered a final order confirming the foreclosure sale, awarding the property to 1500 Lender, and entered a deficiency judgment in the amount of $4,778,581.18 against Borrower.  That order is now final and non-appealable, and post-judgment interest continues to accrue.

24.     The amounts due under the Loan Agreement, as determined by the Circuit Court to be $4,778,581.18, are Guaranteed Obligations under the Guaranties.  Guarantors are personally responsible for them because, among other things, Borrower failed to maintain adequate capital, failed to remain solvent, and failed to pay their debts as they became due, including without limitation their loan with 1500 Lender.  In addition, Guarantors made false representations to the Circuit Court and hindered 1500 Lender's efforts to collect the Guaranty by delaying the foreclosure—and entry of a deficiency judgment—by nearly eight months.

## COUNT I
### (Breach of Contract – Against Marilyn Lustbader)

25.     1500 Lender repeats and repleads each allegation set forth in Paragraphs 1 through 24, and incorporates them by reference herein.

26.     The Lustbader Guaranty constitutes a valid and binding obligation of Lustbader for the benefit of 1500 Lender.

27.     1500 Lender and its predecessor performed their obligations under the loan documents.

28.     Lustbader is personally liable for the Guaranteed Obligations for the reasons set forth above.  Lustbader has breached the Lustbader Guaranty by failing to pay the amounts due and owing.

29.     As a result of the breach, 1500 Lender has sustained damages in an amount to be determined at trial in excess of $4,778,581.18.  1500 Lender also seeks its attorneys' fees and costs as contemplated by the Lustbader Guaranty.

## COUNT II
### (Breach of Contract – Against Howard Ruskin)

30.     1500 Lender repeats and repleads each allegation set forth in Paragraphs 1 through 24, and incorporates them by reference herein

31.     The Ruskin Guaranty constitutes a valid and binding obligation of Ruskin for the benefit of 1500 Lender.

32.     1500 Lender and its predecessor have performed their obligations under the loan documents.

33.     Ruskin is personally liable for the Guaranteed Obligations for the reasons set forth above. Ruskin has breached the Ruskin Guaranty by failing to pay the amounts due and owing.

34.     As a result of the breach, 1500 Lender has sustained damages in an amount to be determined at trial in excess of $4,778,581.18.  1500 Lender also seeks its attorneys' fees and costs as contemplated by the Ruskin Guaranty.

**PRAYER FOR RELIEF**

WHEREFORE, 1500 Lender respectfully requests that this Court enter a judgment against Defendants Marilyn Lustbader and Howard Ruskin jointly and severally in the amount of $4,778,581.18, plus post-judgment interest on that amount and attorneys' fees and expenses, and that 1500 Lender be awarded such other and further relief as the Court may deem equitable.


Dated:  August 16, 2023                         Respectfully submitted


                                    By:     /s/ *William J. Dorsey*_____
                                            William J. Dorsey (#6271181)
                                            BLANK ROME LLP
                                            444 W. Lake Street
                                            Suite 1650
                                            Chicago, Illinois 60606
                                            Tel: 312.776.2512
                                            Fax: 312.264.2425
                                            william.dorsey@blankrome.com

                                            *Counsel for 1500 Lender, LLC*

132283985

8